IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RAYMOND MATHIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-341-MHT-SMD |
| | ) | [WO] |
| DONALD VALENZA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Raymond Mathis, an inmate confined in the Houston County jail, initiated this action in May 2020, alleging that Defendants subjected him to unconstitutional conditions of confinement. (Doc. 1) pp. 2–3. Defendants filed a special report and answer along with evidentiary materials denying Plaintiff's claims. (Docs. 26, 26-1, 26-2, 26-3, 26-4, 26-5, 26-6, 26-7 & 26-8). In November 2020, the Court ordered Plaintiff to file a response to Defendant's materials by December 4, 2020. (Doc. 27) p. 2. The Court cautioned Plaintiff that failure to file a response would result in a recommendation that this case be dismissed for failure to prosecute. *Id.* The Court subsequently extended Plaintiff's time for filing a response to April 12, 2021. (Doc. 31) p. 1. To date, however, Plaintiff has not filed a response to Defendant's materials or otherwise complied with the Court's November 2020 order.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); FED. R. CIV. P. 41(b). The Eleventh Circuit has made clear that "dismissal

is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Here, the undersigned finds that Plaintiff has willfully failed to file a response in compliance with the Court's November 2020 order. And considering Plaintiff's disregard for orders of this Court, the undersigned further finds that sanctions lesser than dismissal would not suffice in this case.

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice. It is ORDERED that the parties shall file any objections to this Recommendation on or before **May 28, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 14th day of May, 2021.

/s/ Stephen M. Doyle
_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE